(R.D. 11251)

HADDAD & SONS, INC. *v.* UNITED STATES

Entry Nos. 4684 and 7018.

(Decided December 28, 1966)

*James G. McGoldrick* for the plaintiff.
*Barefoot Sanders*, Assistant Attorney General, for the defendant.

FORD, Judge: The proper value for dutiable purposes of certain radios and parts covered by the appeals for a reappraisement in the above cases is before the court for determination.

The parties hereto have entered into a stipulation of fact wherein it has been agreed as follows:

IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED, by and between the attorneys for the parties hereto, subject to the approval of the court:

1) That the merchandise covered by the appeals to reappraisement herein, consists of radios and parts from Japan;

2) That export value, as defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis of value for the merchandise herein;

3) That on or about the dates of exportation herein such or similar merchandise was freely sold or in the absence of sales, offered for sale, in the principal markets therefor of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, at the appraised values less the amounts indicated on the commercial invoices to have been paid as buying commission;

Upon the record before the court, I find and hold that export value, as that value is defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, is the proper basis of value for the radios and parts and that said value is represented by the invoice unit values, less the amounts indicated on the invoices to have been paid as buying commission.

Judgment will be rendered accordingly.